Matthew J. Gallagher  
    vs.  } No. 84473.  
Conrad J. Paris Appt.

June 12, 1931.

POULIOT, J. This case is before the Court on the plaintiff's motion for a new trial after the jury had returned a verdict for the defendant.

The plaintiff's story, as told through his representative, Mr. McCoy, who handled the transaction, was substantially that he had met the defendant on the street and took over the selling of the defendant's house on Cleveland street in Pawtucket; that he was informed and understood that other brokers also were working on the sale; that the plaintiff's office received a telephone call from a Mrs. Nolan, who was desirous of purchasing a dwelling; that an appointment was made and Mr. McCoy took Mrs. Nolan and her husband up into the section where the house was located and showed this house to the Nolans, together with other pieces of property; that later, on the 23rd of August, a Saturday afternoon, the Nolans accompanied by Mrs. Nolan's father were again shown through the property by Mr. McCoy,

and that while they were there he went to the defendant's house, nearby, and told him that he had a prospective customer and he wanted to know what his best price was; that as a result of that conversation he returned to the Nolans and informed them that they could purchase the house for $8,700 and that the defendant would take back a second mortgage for a part of the purchase price at 6 per cent.; that the Nolans said they would think it over and call him by telephone later; and that he learned within a few days that the property had been sold by the defendant to the Nolans through another broker, and therefore sues for his commission.

The defendant's story is substantially that he had listed this property with various brokers among whom was the plaintiff, but that the arrangement and understanding was that the broker who brought a binder or a deposit on the purchase price would get the commission; that on the afternoon of August 23, Mr. McCoy came to him and said he had a prospect, and that the defendant replied: "Well, I suppose this is another false alarm just like the other time. You bring a customer who has got some money and who will make a deposit;" that later on in the day, during the course of the afternoon, Mr. Boyle of Martell, Boyle, Inc., came to his house, told him he had a customer who had a thousand dollars in cash, and that he was authorized to pay a deposit on the purchase price provided the property could be purchased for $8,500; that he then signed an agreement to convey the property, received $50 deposit, and on the following business day, Monday, August 25, went to the office of Martell, Boyle, Inc., and completed the transaction, and that he did not find out until some time afterwards that the Nolans were the people to whom McCoy referred on August 23.

Mr. Nolan, the purchaser of the property, testified that he had previously seen this house while riding around in that section and that he was interested in it; that when Mr. McCoy took him and Mrs. Nolan around looking at property, he (Mr. Nolan) or his wife called Mr. McCoy's attention to this particular house, and that Mr. McCoy said that he also had that one for sale; that on the Saturday afternoon of August 23, Mr. McCoy, after returning from the owner's residence, informed them that the property could be bought for $8,700 and that the owner would take back a second mortgage carrying 8 per cent. interest; that he then said to Mr. McCoy that he wasn't interested at that price but that if he did become interested, he would call him up. Mr. Nolan had noticed signs of other brokers on the property and went to the office of Mr. Boyle and made his proposition, which Mr. Boyle subsequently carried to the defendant and which was accepted.

This is not the usual type of brokers' cases where an exclusive agency exists for any length of time or where one broker comes in later on and gets the benefit of another broker's work and has to sue for his commission. In this instance there was a particular agreement, which the jury found to be a fact, to the effect that the broker who was to receive the commission would be the one who brought the binder or deposit.

The testimony of Mr. McCoy was not as impressive as the testimony given by Mr. Paris, the defendant, nor by Mr. Nolan, and the Court had the feeling at the time of the trial, and has the feeling now, that the plaintiff did not maintain his claim by a fair preponderance of the evidence, and the Court feels it its duty to deny the plaintiff's motion.

Plaintiff's motion for a new trial denied.

For plaintiff: Thomas P. Corcoran, Charles E. Mangan.
For defendant: Francis R. Foley.